Kevin R. Allen (SBN 237994)
**KEVIN R. ALLEN – ATTORNEY AT LAW**
3172 Camino Colorados
Lafayette, CA 94549
Ph: (925) 695-4913
Fax: (925) 334-7477
kevin@allenattorneygroup.com

Attorney for Plaintiff
Lateral Link Group Co-Op, LLC

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

LATERAL LINK GROUP CO-OP, LLC, a
California limited liability company,

               Plaintiff,

    vs.

RYAN TURLEY, an individual, AUSTIN
WILSON, an individual,

               Defendants.

**Case No.**   2:16-CV-01096

**COMPLAINT FOR INJUNCTIVE
RELIEF**

Plaintiff LATERAL LINK GROUP CO-OP, LLC complains and alleges as follows:

      1.      Plaintiff LATERAL LINK GROUP CO-OP, LLC (hereinafter "Lateral Link") is, and at all relevant times herein was, a limited liability company organized and existing under the laws of the state of California with its principal place of business in the County and City of Los Angeles. Lateral Link is in the business of attorney recruiting for various large law firms and companies seeking to hire associates, partners and/or general counsel.

      2.      On information and belief, Defendant Ryan Turley (hereinafter "Turley") is an individual who is believed to currently reside in Cook County, Illinois. He was, until on or about January 18, 2016, a Director/Managing Director providing legal recruiting services for Lateral Link.

      3.      On information and belief, Defendant Austin Wilson (hereinafter "Wilson") is an

**COMPLAINT**

1  individual who is believed to currently reside in Cook County, Illinois. He was, until on or about
2  January 18, 2016, a Director/Managing Director providing legal recruiting services for Lateral
3  Link.

4          4.      Plaintiff is informed and believes and thereupon alleges that, at all times herein
5  mentioned, each Defendant was the agent of the other Defendant, and in doing the things alleged
6  herein, were acting within the course and scope of said agency, in that the actions of the
7  Defendants as herein alleged were authorized, approved, and/or ratified by each of the remaining
8  Defendants as principals.

9          5.      This Court has jurisdiction under 28 U.S.C. 1332, because the value of the
10  injunctive relief to the Plaintiff, i.e., the amount in controversy, exceeds the sum of $75,000 and is
11  between citizens of different States. Venue is proper in the Central District of California, under 28
12  U.S.C. 1391 because a substantial part of the events or omissions giving rise to the claim occurred
13  in the Central District. For example, Plaintiff alleges that Defendants misappropriated trade secrets
14  and other proprietary information that was compiled, located, managed, and/or secured in
15  California, including at Plaintiff's headquarters in Los Angeles.

16                                        **BACKGROUND**

17          6.      Plaintiff Lateral Link is boutique legal search firm based out of California. The
18  company currently has over 30 recruiters (referred to as Principals, Directors, Senior Directors or
19  Associate Directors) representing markets throughout the United States and abroad.

20          7.      Defendant Ryan Turley worked for Lateral Link as a Director for the Chicago,
21  Illinois market up until his resignation on or around January 18, 2016. In his role as Director,
22  Turley was responsible for recruiting and marketing efforts for Plaintiff, as well as overseeing
23  Lateral Link recruiters hired for the Chicago office.

24          8.      Defendant Austin Wilson worked for Lateral Link as a Director for the Chicago,
25  Illinois market until his resignation on or about January 18, 2016. In his role as Director, Wilson
26  was responsible for recruiting and marketing efforts for Plaintiff, as well as overseeing Lateral
27  Link recruiters hired for the Chicago office

28          9.      At the time of their resignation, Defendants Turley and Wilson's ("Defendants")

**COMPLAINT**

employment with Lateral Link was subject to identical employment agreements with provisions discussing the use of Lateral Link's confidential and proprietary information. Attached hereto as Exhibit "1" is a copy of Exhibit "B" to the Employment Agreements entitled "Confidentiality Provisions." As reflected therein, the confidentiality provisions are aimed at protecting Lateral Link's trade secrets and proprietary information and not intended to curtail fair competition.

10.    As part of their work with Lateral Link, Defendants received access to certain confidential and proprietary information and trade secrets that belonged to Plaintiff and were not otherwise accessible to the public. This included Plaintiff's database of attorney candidates who had submitted confidential contact information and details about their employment history to Plaintiff so that Plaintiff and its recruiters could determine whether those candidates were a good fit for current law firm or corporate legal job openings that Lateral Link was working on or worked on in the future. Defendants also received access to compilations and/or lists of law firms and legal employers that were currently hiring as well as those which Plaintiff was currently working, had worked with in the past and/or desired to work with in the future.

11.    Defendants performed partner level searches for Lateral link so also received access to highly confidential information about partner candidate's practices including billing rates for clients and summaries of historic and projected revenue by client.

12.    As a legal recruiting company Lateral Link's database and proprietary candidate information is akin to its inventory and makes up the single most valuable asset the company owns.

13.    Due to the highly sensitive nature of the information Lateral Link collects about its candidates, associates and partners alike, the company goes through great effort to secure the confidentiality of its proprietary information and trade secrets. As a condition of their engagement with Lateral Link and in exchange for the compensation and fees they received from the Plaintiff, Lateral Link requires all of its recruiters to agree to only use Lateral Link's confidential and proprietary information and trade secrets for purposes of performing services for Lateral Link, and not to disclose such information to any third party except as necessary to carry out their services for the company.

14.    Lateral Link's recruiters also agree to inform Lateral Link of any unauthorized

**COMPLAINT**

release of proprietary and trade secret information and take reasonable measures to prevent any unauthorized disclosure by others. They also agree that they will promptly return all such information (and all copies thereof) to Plaintiff upon request and/or the termination of their engagement with Plaintiff. Plaintiff's recruiters also agree that the documents and data they received from Plaintiff during their engagement are the property of Plaintiff. Defendants agreed to abide by all of the above terms and, in exchange, received compensation and were provided tools by Lateral Link to perform recruiting services for Plaintiff.

15.     Defendants abruptly resigned from their positions with Lateral Link on January 18, 2016 in order to start their own legal recruiting company, called Madison West Legal Search, LLC. Plaintiff believes and thereupon alleges that Defendants started Madison West Legal Search, LLC, on or around October 15, 2015.

16.     Plaintiff believes and thereupon alleges, that prior to their resignation, Defendants made unauthorized copies of Plaintiff's confidential and proprietary information and trade secrets with the intent to use the same for their own personal economic gain. This information included, without limitation, candidate's contact information, candidate's resumes, and law school transcripts. Furthermore, Plaintiff believes and thereupon alleges that Defendants planned to use and/or have used Plaintiff's proprietary information to further their new legal recruiting venture, and to otherwise gain an unfair advantage in the legal recruiting marketplace.

17.     Following their resignation, Plaintiff requested that Defendants promptly return Lateral Link's confidential and proprietary information and trade secrets including copies of work product that existed on devices and/or media outside of Lateral Link's control. Defendants claimed that they did not use any devices and/or media outside of those provided by Lateral Link. However, Plaintiff believes and thereupon alleges that this was not true as, in the months leading up to their resignation, Defendants' work email accounts reveal them sending proprietary candidate information (including but not limited to resumes, law school transcripts, "Lateral Partner Questionnaires," client lists) from their work email accounts to their personal email. Their work computers also show evidence of proprietary documents being accessed in such a way that they were likely copied to Defendants' personal "cloud" storage accounts or other memory devices.

COMPLAINT

18.    Plaintiff also asked Defendants to identify all searches they had been working on in the months leading up to their resignation and which candidates had been identified for said searches and/or submitted to said law firms. Plaintiff specifically asked about one partner level search in Chicago for a large law firm's real estate practice group. Defendants represented that they had not submitted any candidates for the real estate partner search and had not identified any candidates for that search. However, Plaintiff learned from the client and is now informed, believes, and thereupon alleges, that Defendants had compiled a "target list" of at least thirty candidates for the above referenced real estate partner search and, contrary to their representations, had actually submitted at least one candidate for the search without using Lateral Link's email accounts or admin database so as to prevent Lateral Link from learning of their efforts and/or competing with them on those searches.

19.    Lateral Link believes and thereupon alleges that Defendants intentionally stopped logging details about their searches into the Lateral Link database and used personal email accounts to prevent Lateral Link from learning about those searches and so Defendants could attempt to continue to work on those searches after their resignation from Lateral Link. Plaintiff, therefore, asks that the Court enjoin Defendants from destroying any Lateral Link search related records still in their possession and, additionally, require Defendants to promptly turn this information over to Plaintiff so that Plaintiff can continue working on those searches using its proprietary information.

20.    Plaintiff values the injunctive relief sought by this complaint as exceeding $75,000 as the information Defendants have misappropriated could be used to generate hundreds of thousands of dollars in search fees that should properly belong to Lateral Link. Put another way, Lateral Link could miss out on over $75,000 worth of placement fees if it cannot obtain copies of its proprietary information that is now believed to be in Defendants' possession.  Additionally, if Defendants were to disclose said proprietary information about Lateral Link candidates to a third party, Lateral Link could be the target of a lawsuit by candidate(s) and the damages from such a lawsuit and/or Lateral Link's defense fees could easily exceed $75,000.

21.    Plaintiff's investigation continues and Plaintiff therefore reserves the right to amend

**COMPLAINT**

this complaint to address additional violations discovered after the complaint is filed.

**First Cause of Action**
**Misappropriation of Trade Secrets**
**(Against all Defendants)**

22.     Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

23.     At all relevant times alleged herein, Plaintiff Lateral Link was in possession of trade secret information as defined by California's Uniform Trade Secrets Act ("CUTSA") Civil Code Section 3426.1(d). As described above, Defendants were provided access to such trade secrets in their positions with Lateral Link. The proprietary business and customer information of Lateral Link that Defendants were provided access to, including the information in Plaintiff's attorney candidate data base and the "LPQ's" for partner level searches, constitutes a trade secret because Plaintiff, as described herein, derives independent economic value from that information, such information is not readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use, and because the information is the subject of reasonable efforts to maintain its secrecy. Plaintiff's trade secret information described herein is not and was not generally known to Plaintiff's competitors in the industry.

24.     Lateral Link is informed and believes and thereupon alleges that Defendants, and each of them, have actually misappropriated and continue to threaten to misappropriate Plaintiff's trade secrets in violation of CUTSA.

25.     As a result of their positions with Lateral Link, Defendants had access to Plaintiff's valuable trade secrets as described herein. Defendants continue to have knowledge of that information, notwithstanding the fact that they have started a new legal recruiting company that competes with Plaintiff. Plaintiff believes and thereupon alleges that Defendants continue to possess Plaintiff's trade secrets in electronic and in physical format, including on personal, non-Lateral Link sanctioned "cloud" based storage accounts and/or personal non-Lateral Link approved email accounts.

26.     Defendants intend to improperly use or disclose Plaintiff's trade secrets to others in violation of the CUTSA and their contracts with the Plaintiff.

COMPLAINT

27.     Defendants have and will continue to wrongfully use Plaintiff's trade secrets unless enjoined.

28.     Defendants, by their fraudulent and deceitful conduct to date, have demonstrated that they cannot be counted on to avoid using or disclosing Plaintiff's trade secrets.

29.     Because Plaintiff's remedy at law is inadequate, Plaintiff seeks temporary, preliminary, and permanent injunctive relief. Plaintiff is threatened with losing customers, its competitive advantage, its trade secrets and goodwill in amounts which may be impossible to determine, unless Defendants are enjoined and restrained by order of this Court, as alleged above. Wherefore, Plaintiff prays for judgment as set forth below.

**<u>Second Cause of Action</u>**
**Breach of Contract**
**(Against Defendant Turley)**

30.     Plaintiff re-alleges and incorporates each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

31.     In November 2015, Plaintiff and Defendant Turley executed a written Employment Agreement. Exhibit "B" to the Employment Agreement, entitled "Confidentiality Provisions," is attached hereto as **Exhibit "1."**

32.     Plaintiff has performed all of the significant things that the Employment Agreement required it to do, such, as for example, permitting Defendant access to its database and proprietary information for purposes of performing searches for Lateral Link.

33.     Plaintiff believes and thereupon alleges that Defendant breached and threatens to continue to breach his agreement with Plaintiff by, without limitation:

    i.     Failing to return all of Plaintiff's proprietary and confidential information and property upon the termination of his engagement with Plaintiff and/or upon Plaintiff's request that he do so;

    ii.    Refusing to return and/or destroy all copies of Lateral Link's proprietary and confidential information in his possession including but not limited to electronic copies of Plaintiff's client list;

**COMPLAINT**

iii.     Calling on and/or soliciting Lateral Link customers or potential customers regarding job openings he worked on while at Lateral Link;

iv.     Communicating with and/or submitting Plaintiff's attorney candidates for positions where he first became aware of and/or worked with the candidate during his tenure with Plaintiff;

v.     Colluding with his fellow Defendant to misappropriate Lateral Link's trade secrets to further Defendants' legal recruiting search firm, Madison West Legal Search, LLC;

vi.     Retaining electronic copies of proprietary information concerning candidate and partner level searches in his personal email and personal "cloud" based storage account(s); and,

vii.     Utilizing Plaintiff's confidential and proprietary information and trade secrets to benefit his new legal recruiting venture, Madison West Legal Search, LLC.

34.     As a result of any one of these breaches of the agreements, Plaintiff has been injured and faces irreparable injury. Plaintiff is threatened with losing law firm clients, its proprietary attorney candidate lists, its competitive advantage, its trade secrets, and goodwill in amounts exceeding the jurisdictional requirements of this Court, unless Defendant is enjoined and restrained by the Court.

Wherefore, Plaintiff prays for judgment as set forth below.

### Third Cause of Action
**Breach of Contract**
**(Against Defendant Wilson)**

35.     Plaintiff re-alleges and incorporates each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

36.     In November 2015, Plaintiff and Defendant Wilson executed a written Employment Agreement. Exhibit "B" to the Employment Agreement, entitled "Confidentiality Provisions," is attached hereto as **Exhibit "1."**

37.     Plaintiff has performed all of the significant things that the Employment Agreement required it to do, such, as for example, permitting Defendant access to its database and proprietary information for purposes of performing searches for Lateral Link.

**COMPLAINT**

38.     Plaintiff believes and thereupon alleges that Defendant breached and threatens to continue to breach his agreement with Plaintiff by, without limitation:

i.      Failing to return all of Plaintiff's proprietary and confidential information and property upon the termination of his engagement with Plaintiff and/or upon Plaintiff's request that he do so;

ii.     Refusing to return and/or destroy all copies of Lateral Link's proprietary and confidential information in his possession including but not limited to electronic copies of Plaintiff's client list;

iii.    Calling on and/or soliciting Lateral Link customers or potential customers regarding job openings he worked on while at Lateral Link;

iv.     Communicating with and/or submitting Plaintiff's attorney candidates for positions where he first became aware of and/or worked with the candidate during his tenure with Plaintiff;

v.      Colluding with his fellow Defendant to misappropriate Lateral Link's trade secrets to further Defendants' legal recruiting search firm, Madison West Legal Search, LLC;

vi.     Retaining electronic copies of proprietary information concerning candidate and partner level searches in his personal email and personal "cloud" based storage account(s); and,

vii.    Utilizing Plaintiff's confidential and proprietary information and trade secrets to benefit his new legal recruiting venture, Madison West Legal Search, LLC.

39.     As a result of any one of these breaches of the agreements, Plaintiff has been injured and faces irreparable injury. Plaintiff is threatened with losing law firm clients, its proprietary attorney candidate lists, its competitive advantage, its trade secrets, and goodwill in amounts exceeding the jurisdictional requirements of this Court, unless Defendant is enjoined and restrained by the Court.

Wherefore, Plaintiff prays for judgment as set forth below.

///

///

- 9 -

**COMPLAINT**

**Fourth Cause of Action**
**Violation of Penal Code Section 502**
**(Against all Defendants)**

40.     Plaintiff re-alleges and incorporates each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

41.     Defendants, and each of them, violated the California Comprehensive Computer Data Access and Fraud Act, Cal. Penal Code § 502, in that they knowingly and without permission used and caused to be used computer services, as set forth and detailed above, in violation of Cal. Penal Code § 502(c)(3).

42.     Lateral Link is the owner and/or lessee of the computers, computer systems and computer systems which were unlawfully accessed or used by Plaintiff, and has suffered damage and loss by reason of their violation of the statute, as set forth above, and thus has standing to bring this claim pursuant to Cal. Penal Code § 502(e)(1).

43.     Plaintiff has suffered irreparable harm and damage from these unlawful activities.

44.     Because Plaintiff's remedy at law is inadequate, Plaintiff seeks temporary, preliminary, and permanent injunctive relief. Plaintiff is threatened with losing customers, its competitive advantage, its trade secrets and goodwill in amounts which may be impossible to determine, unless Defendants are enjoined and restrained by order of this Court, as alleged above. Wherefore, Plaintiff prays for judgment as set forth below.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that the Court enter an Order:

1.     Temporarily, preliminarily, and permanently enjoining Defendants, and each of them, and all persons acting in concert or participation with Defendants from directly or indirectly:

a.   Obtaining, accessing, using, retaining, utilizing or disclosing Plaintiff's confidential, proprietary, or trade secret information;

b.   Accessing, retrieving, copying, transmitting, or disseminating any and all hard copies or electronic data containing Plaintiff's trade secrets and/or confidential information and/or any other Plaintiff data, documents, or property;

c.   Deleting, destroying, shredding, altering, erasing, or otherwise modifying or

**COMPLAINT**

1  causing or permitting anyone else to delete, shred, destroy shred, alter, erase or

2  otherwise modify any evidence relating to this action;

3    2.    Requiring the immediate disclosure and return to Plaintiff of all misappropriated

4  materials, including all media and electronic storage devices and virtual repositories, including but

5  not limited to any cloud-based storage account, portable USB storage devices utilized by either

6  Defendant, and digital hard drives utilized by any Defendant;

7    3.    Requiring the production of all electronic devices operated by Defendant for

8  inspection to verify the use, access, disclosure, printing, copying, and return of Plaintiff's property,

9  including but not limited to the candidate contacts that Defendants looted from Plaintiff before

10  resigning; and the production of all passwords and links for all online storage areas utilized by one

11  or both of the Defendants for inspection;

12    4.    Award of reasonable attorney's fees and costs pursuant to Cal. Penal Code §

13  502(e)(2) and Cal. Civ. Code § 3426.4; and,

14    5.    Such other relief as the Court deems just and equitable.

15  Dated: February 17, 2016                    Respectfully submitted,

16

17                                    By: _____

18                                        Kevin R. Allen, Esq.
                                          Counsel for Plaintiff
19                                        Lateral Link Group Co-Op, LLC

20

21

22

23

24

25

26

27

28

- 11 -

**COMPLAINT**